IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDRA L. BAJSEC,

    Plaintiff,

v.

BOROUGH OF LEETSDALE; and
JEFFREY W. WEATHERBY, JOSEPH
McGURK, MELANIE DUNN, and
LINDA RICE MICHAEL, in their
individual capacities,

    Defendants.

Civil Action No. 12-0160

MEMORANDUM

Gary L. Lancaster,
Chief Judge.

June 5, 2012

    This is a civil rights action. Plaintiff, Sandra L. Bajsec, alleges that defendants, the Borough of Leetsdale ("Leetsdale"), Jeffrey Weatherby, Joseph McGurk, Melanie Dunn and Linda Rice Michael (collectively, "individual defendants"), in their individual capacities, violated her constitutional right of free association by terminating her public employment based on her political affiliations, in violation of the First and Fourteenth Amendments, and 42 U.S.C. § 1983. Plaintiff seeks an injunction, reinstatement, compensatory and punitive damages, and costs and attorneys' fees.

1

Defendants have filed a motion to dismiss in part, arguing that they are immune from plaintiff's claims by virtue of their absolute legislative immunity. [Doc. Nos. 14, 15].

For the reasons set forth below, the motion will be denied.

I. BACKGROUND

Because defendants filed a Rule 12(b)(6) motion to dismiss, the court accepts the plaintiff's allegations as true for the purpose of deciding the motion. Plaintiff alleges the following:

Plaintiff's husband, Michael Bajsec, was sworn in as a member of the Leetsdale Borough Council in March 2010. In July 2010, plaintiff began working part-time for defendant Leetsdale as an administrative assistant. On November 1, 2010, plaintiff's position was converted to a full-time position, with benefits. Her title was changed to "Junior Clerk."

In late 2010, individual defendants Weatherby, McGurk, Dunn, and Michael began running for Leetsdale Borough Council. Part of the individual defendants' campaign strategy involved highlighting the claim that plaintiff obtained her job because her husband was a council member. For example, a flyer created by defendants described plaintiff's hiring and promotion to a full-time position, and noted that Councilman Bajsec was covered by his wife's benefits after her position was made full-time.

2

The individual defendants campaigned on a promise of firing plaintiff, as well as Borough Manager Paul Scimio, if elected. For example, in a November 2011 Sewickley Patch article, Defendant McGurk promised that plaintiff and Paul Scimio would lose their jobs if he was elected, and Liz Petaliano would be "restored to secretary-treasurer . . .". McGurk made similar statements in other newspaper articles.

Plaintiff denies the individual defendants' accusation that she obtained her job through her husband, and notes that Michael Bajsec actually abstained from the vote offering her a position.

On November 8, 2011, the individual defendants were elected as Leetsdale Council members, and Michael Basjec was not reelected. On January 3, 2012, the individual defendants were sworn in as council members at a Leetsdale Borough Council meeting. During the meeting, defendant Weatherby made a motion to "terminate the positions" of Junior Clerk and Borough Manager, effective immediately, and to negotiate an employment agreement with Elizabeth Petaliano as Borough Secretary. Defendant Dunn seconded the motion. All the individual defendants, along with one of council member, voted "yes" on the motion, and it was approved.

Although plaintiff's discharge was characterized as an elimination of her position, plaintiff contends that the position of Borough Secretary that remained in the 2012 budget

3

is substantively identical to plaintiff's former position of Junior Clerk.

Plaintiff makes one Section 1983 claim against all defendants, claiming that defendants fired her because of her political affiliation and perceived support for her husband, former Council member Michael Bajsec, in violation of her right to belief and association under the First and Fourteenth Amendments. Plaintiff alleges that individual defendants acted under color of state law, and that their actions were intentional, and undertaken with reckless disregard of plaintiff's federally protected right to not have her employment conditioned on a pledge of political allegiance to a candidate.

## II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1950 (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we must conduct a three-step inquiry. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, we must "'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Iqbal, 129 S.Ct. at 1947). Next, we must identify the allegations that "are no more than conclusions [and] are not entitled to the assumption of truth." Id.; Iqbal, 129 S.Ct. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. (internal quotation omitted).

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or ultimately prevail on the merits. Twombly, 550 U.S.

5

at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

III. DISCUSSION

Defendants have filed a motion to dismiss the complaint in part on the ground that the individual defendants have legislative immunity. According to defendants, the elimination of plaintiff's position was a legislative act to which absolute legislative immunity attaches. Plaintiff contends that her removal was not procedurally legislative, because it was decided by vote rather than by passing an ordinance pursuant to the Pennsylvania Borough Code. In addition, plaintiff argues that the action was not substantively legislative, because it involved an individual employment decision. The court finds that the actions of the individual defendants were procedurally administrative, and therefore, no immunity attaches.

Local legislators are absolutely immune from suit based on their legislative activities. Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998). Whether an act is legislative for purposes of an

immunity determination depends on "the nature of the act, rather than on the motive or intent of the official performing it." Id. at 54. "To be legislative, however, the act in question must be both substantively and procedurally legislative in nature." In re Montgomery County, 215 F.3d 367, 376 (3d Cir. 2000) (emphasis added). "An act is substantively legislative if it involves policy-making of a general purpose or line-drawing." Id. (internal quotations omitted). An act is procedurally legislative if "it is undertaken by means of established legislative procedures." Id. (internal quotations omitted).[1]

Substantively, "[i]n the context of public employment, we have drawn a distinction between the elimination of a position and the termination of an individual employee." Baraka v. McGreevey, 481 F.3d 187, 199 (3d Cir. 2007). Elimination of an employment position is a legislative act, whereas the firing of

---

[1] The United States Court of Appeals for the Third Circuit has debated whether the two-part inquiry for municipal-level legislative immunity is still appropriate following the Supreme Court's decision in Bogan v. Scott-Harris, 523 U.S. 44 (1998). Compare Youngblood v. DeWeese, 352 F.3d 836, 841 n.4 (3d Cir. 2003) (noting that Bogan "casts doubt on the propriety of using any separate test to examine municipal-level legislative immunity . . . particularly a two-part, substance/procedure test . . .") with Baraka v. McGreevey, 481 F.3d 187, 198 n.8 (3d Cir. 2007) ("We believe Bogan's analysis illustrates that the two-part substance/procedure inquiry provides a useful means of determining whether allegedly administrative actions meet the standard set forth by the Supreme Court . . ."). Because Baraka, the most recent decision to address the issue, strongly supports applying the two-part inquiry in the context of municipal legislative immunity analysis, this court will do so.

7

a single employee is an administrative personnel decision. Id. at 199-200. Plaintiff admits that defendants characterized the action as elimination of her position, but alleges that it was actually an individual firing because a newly created position was identical to her eliminated position. However, the motive of legislators is immaterial to whether an act is entitled to legislative immunity. Id. at 200; Bogan, 523 U.S. at 54-55. Therefore, plaintiff's admission that the action was characterized at the time as elimination of a position is perhaps sufficient to make it substantively legislative under Baraka. However, the court need not decide that issue, because the procedural part of the immunity test is determinative.

In Pennsylvania, incorporated boroughs operate under the Pennsylvania Borough Code, 53 PA. CONS. STAT. §§ 45101 et seq., unless the municipality has enacted a home rule charter or an optional plan of government. Danzilli v. Loneo, 944 A.2d 813, 815 n.6 (Pa. Commw. Ct. 2008); see 53 PA. CONS. STAT. §§ 2901-3171 (Home Rule Charter and Optional Plans Law). The court takes judicial notice of the Borough of Leetsdale's status as a borough governed by the Pennsylvania Borough Code. See 302 PA. CODE § 41.1 et seq. (Home Rule Charters for boroughs in Allegheny County). Under the Borough Code, "[t]he legislative powers of boroughs . . . shall be exercised by or be based on an ordinance. All other powers shall be exercised by vote of the

majority of council present at a meeting, unless otherwise provided." 53 PA. CONS. STAT. § 46006(3). In order to pass an ordinance, the borough council must publish the proposed ordinance in a newspaper no less than seven days and no more than 60 days prior to its passage. Id. at § 46006(4). In addition, every ordinance and "resolution of legislative character", except as otherwise provided in the code, must be presented to the mayor for his approval or veto. Id. at § 46007(a).

In Donivan v. Dallastown Borough, the United States Court of Appeals for the Third Circuit held that, for borough councils governed by the Borough Code, "legislative powers require enactment of an ordinance; if an act is accomplished by means other than an ordinance, it is not an exercise of legislative activity." 835 F.2d 486, 489 (3d Cir. 1987). The court of appeals cited the Borough Code, and noted that because "municipal corporations have been delegated legislative authority only within strictly defined statutory limits, they can only act legislatively when following the statutory procedures specified for such action." Id. at 488.

Donivan is entirely applicable to the actions of the individual defendants in the instant case. Under Donivan, in order for an action to be procedurally legislative, the ordinance procedure set out in the Borough Code must be

9

followed. Here, however, plaintiff alleges that the individual defendants eliminated plaintiff's position by a simple vote of the council members. As the Donivan court emphasized, the procedural requirements of the Borough Code are not merely empty form, but rather provide notice to the community about legislative activity and create a system of "checks and balances" for the council. Id. at 489. Based on the facts alleged by plaintiff in her complaint, the individual defendants' vote did not conform to the ordinance procedure set forth in the Borough Code and therefore, legislative immunity does not attach to their action.

IV. CONCLUSION

For the foregoing reasons, the partial motion to dismiss will be denied, without prejudice to the right of individual defendants to raise the issue again after further discovery. An appropriate order follows.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA L. BAJSEC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOROUGH OF LEETSDALE; and ) <br> JEFFREY W. WEATHERBY, JOSEPH ) <br> McGURK, MELANIE DUNN, and ) <br> LINDA RICE MICHAEL, in their ) <br> individual capacities, ) <br> ) <br> Defendants. ) | Civil Action No. 12-0160 |

ORDER

AND NOW, this 5th day of June, 2012, IT IS HEREBY ORDERED that the Motion to Dismiss Complaint in Part [Doc. No. 14] filed by defendants Borough of Leetsdale, Jeffrey W. Weatherby, Melanie Dunn, Joseph McGurk, and Linda Rice Michael is DENIED.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record